# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

KELLY SCHOOLEY,

               Plaintiff,      CIVIL NO.: _____

v.

JACOB LAW GROUP, PLLC, and          **COMPLAINT**
JACOB COLLECTION GROUP, LLC,

                      **JURY TRIAL DEMANDED**

               Defendants.
_____

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.      Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## III.  PARTIES

4.     Plaintiff Kelly Schooley (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Jacob Law Group, PLLC, (hereinafter "Defendant JLG"), is a law firm operating from an address of 2623 West Oxford Loop, Oxford MS 38655 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Jacob Collection Group, LLC, (hereinafter "Defendant JCG"), is a collection agency operating from an address of 2623 West Oxford Loop, Oxford MS 38655 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## IV.  FACTUAL SUMMARY

7.     Upon information and belief, sometime prior to July 2010, Plaintiff's ex-husband, Cory Cox, incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection.

9.     On July 8, 2010, Defendants left a message on Plaintiff's telephone which stated that they were attempting to reach Cory Cox, Plaintiff's ex-husband.

10.    On July 8, 2010, Plaintiff called Defendants at 877-620-3818 and explained

2

that Cory Cox was Plaintiff's ex-husband, that he did not live at her address for over 7 years and could not be reached at her telephone number. Plaintiff demanded that Defendants cease contacting her regarding any alleged debt that Defendants were attempting to collect from Mr. Cox.

11.  Despite knowing that Mr. Cox did not live at Plaintiff's address, Defendants continued their collection campaign by causing Plaintiff's telephone to ring on more than one occasion.

12.  Defendants contacted Plaintiff on July 12, 2010, August 3, 2010, August 4, 2010, August 9, 2010 at 1:32 p.m., August 13, 2010 at 2:18 p.m., August 15, 2010 on two occasions, and on August 16, 2010 at 8:58 a.m.

13.  The conduct of Defendants in contacting a third party more than once without being requested to do so is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3), 1692d, and 1692f amongst others.

**Respondeat Superior Liability**

14.  The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendants.

15.  The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendants in collecting consumer debts.

16.    By committing these acts and omissions against Plaintiff, Defendants and these other debt collectors were motivated to benefit their principals, Defendants.

17.    Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### Summary

18.    The above-detailed conduct by Defendants is a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

19.    Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

20.    Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## V. TRIAL BY JURY

21.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S.

Const. amend. 7.  Fed.R.Civ.P. 38.

## VI.  CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

23.    The foregoing acts and omissions of Defendants and their agents constitute

numerous and multiple violations of the FDCPA including, but not limited to,

each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §

1692 et seq., with respect to Plaintiff.

24.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

from Defendants herein.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against each

and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25.     for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

26.     for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
        §1692k(a)(2)(A); and

27.     for an award of costs of litigation and reasonable attorney's fees pursuant to 15
        U.S.C. § 1692k(a)(3).


                                        MARTINEAU, GONKO & VAVRECK, PLLC


Dated:  November 4, 2010          s/ Mark L. Vavreck                                    .
                                  Mark L. Vavreck, Esq.
                                  Bar Number #0318619
                                  Attorney for Plaintiff
                                  Martineau, Gonko & Vavreck, PLLC
                                  Designers Guild Building
                                  401 North Third Street, Suite 600
                                  Minneapolis, MN 55401
                                  Telephone:  (612) 659-9500
                                  Facsimile:  (612) 659-9220